**In the Matter of Thomas
W. PEARLMAN.**

**No. 93–307–M.P.**

Supreme Court of Rhode Island.

June 24, 1993.

Mary M. Lisi, Chief Disciplinary Counsel, for petitioner.

Frederick Cass, for respondent.

## OPINION

**PER CURIAM.**

This case came before the court pursuant to an order that had directed the respondent attorney to appear and show cause why he should not be disciplined for violation of Rule 8.4(c) of the Rules of Professional Conduct on the basis of a recommendation submitted to the court by the Disciplinary Board. The facts as found by the Disciplinary Board (board) are as follows.

On December 27, 1988, respondent attorney agreed to represent Barbara A. Chrobak and her husband, Joseph Chrobak (clients), in connection with allegations of child abuse pending in the Family Court. The respondent attorney discussed a fee arrangement, and the clients delivered a check to the attorney in the amount of $4,500. This check was believed by the clients to be a retainer that would be used toward the payment of hourly charges that would be made by the attorney over the course of his representation in accordance with a written client-fee agreement presented to the clients by the attorney (a copy of said agreement is attached hereto as Appendix A).

After an initial meeting with a duty justice of the Family Court on the afternoon of December 27, 1988, respondent attorney spoke to a social worker who consented to allow the minor child to remain in the hospital, as opposed to foster care, until the following morning.

The next morning respondent attorney sent an associate attorney to represent the clients at a hearing that was expected to occur but did not take place. An agreed disposition was placed on the record whereunder the minor child was released into the care of the clients. The case was then continued for periodic review. The respondent attorney met with the clients on January 2, 1989, but from this point on, there is no specific record of further services performed by him. On that date respondent attorney began to take steps to withdraw as counsel and did in fact withdraw on January 19, 1989. He then paid $500 to another attorney who undertook to represent the clients from that point forward. It appears undisputed that thereafter the case was uncontested and the successor attorney's representation consisted of attendance at review sessions.

The respondent attorney refused to refund any portion of the $4,000 balance of the retainer to the clients on the ground that he believed this sum to have been a minimum, unrefundable fee. The clients strongly contradicted that there was any such understanding and presented the fee agreement prepared by respondent attor-

ney in support of their testimony before the board. The board found as follows:

"The panel is of the opinion that there is no question that the written fee agreement presented to the parties for their signature would be likely to lead any reasonable person to the conclusion that the receipt of a sum certain, in this case $4,500, was a retainer against which would be applied the cost of legal services actually performed by the firm as per the standard hourly rates set forth prominently on Page 1."

The board went on to observe in summation as follows:

"Taking all of the evidence as a whole, along with an evaluation of credibility, the panel finds that the misrepresentation to these individuals of the manner of calculating the fees was not merely the result of negligence, oversight, innocent confusion or haste on the part of the attorney. Rather, it appears that the evidence supports the finding of an intention to mislead sufficient to support a violation of the misrepresentation provision of Rule 8.4 as charged." [1]

This court accepts the findings of fact of the hearing panel as approved by the entire Disciplinary Board on January 13, 1993. As a result of these findings, the board recommended that a private censure be imposed upon respondent attorney. The respondent attorney appeared before this court and vigorously contested the imposition of a private censure. He contended that it was clear in his mind all along that this fee would be unrefundable. We find his presentation incredible as did the board. He asked for permission to file an additional memorandum. This request was denied since the matter had been twice continued at respondent attorney's request.

We are of the opinion that this case clearly presents a picture of overreaching and misrepresentation on the part of an attorney who received a large retainer and then found there was little or no work to be done. He decided to retain virtually the entire amount of the retainer save for the $500 given to a successor counsel, who went on to charge additional amounts for work performed.

1. Rule 8.4(c) of the Rules of Professional Conduct reads as follows:

The respondent attorney failed to present any evidence to the board concerning the amount or value of work that he actually performed since he denied that he was proceeding on an hourly-rate basis in spite of the clarity of the agreement that he himself had prepared. Any services that he may have performed have been more than recompensed by his retention of these funds since January 1989.

Even though we accept the factual findings of the board, we believe that its recommendation of a private censure does not respond to the merits of this controversy.

We hold that this conduct was inexcusable and that the conduct is exacerbated by the insistence of the respondent attorney that he was entitled to retain the amount deposited without performing any significant work on behalf of the clients. We believe that the minimum sanction that should be imposed in this case is a public censure together with an order that the attorney repay the $4,000 remaining after his payment of $500 to successor counsel. The respondent attorney may have fifteen days from the date of this opinion in which to repay this sum to his former clients. Otherwise this court will impose a more severe sanction than that of public censure.

MURRAY, Justice, with whom LEDERBERG, Justice, joins, dissenting.

We dissent on the grounds that this Court should accept the recommendation of the Board unless that recommendation is arbitrary or unreasonable. Because the Board's recommendation of a private censure was neither arbitrary nor unreasonable, we believe that a private censure should be imposed upon the Respondent.

APPENDIX A
ARLMAN, VOGEL & VIOLET
BLACKSTONE BOULEVARD TERRACE
P.O. DRAWER 9007
PROVIDENCE, RI 02940

CLIENT FEE AGREEMENT
I (we), M/M Chrobak of North Providence, the "Client", hereby agree to retain the law firm of PEARLMAN, VOGEL & VIOLET

"It is professional misconduct for a lawyer to:
\* \* \* \* \* \*
(c) engage in conduct involving dishonesty, fraud, deceit or misrepresentation[.]"

Blackstone Boulevard Terrace, 750 East Avenue, Pawtucket, Rhode Island, the "Firm", in connection with:

defense of child abuse & to get child back

1. The Firm hereby acknowledges receipt of $4,500 as a retainer in this matter and, in consideration of the payment thereof, agrees to provide legal services in connection therewith.

2. It is agreed by and between the Client and the Firm that the retainer paid herein by the Client shall be applied against legal services actually performed by the Firm for the Client, which services shall be charged at the following standard hourly rates:

  a) Partners &
    Senior
    Counsel    $150.00 to $250.00
  b) Associates    $100.00 to $150.00
  c) Paralegals    $ 50.00
  d) Secretaries    $ 25.00

Interim billings may be submitted to the Client from time to time in the event the time charges of the Firm exceed the initial retainer. Higher hourly rates are charged for court time.

3. The Client agrees to assume and pay for all out-of-pocket disbursements incurred in connection with this matter (e.g., filing fees, witness fees, travel, sheriff's and constable's fees, expenses for depositions, investigative expenses and other incidental expenses).

4. In the event that, upon either the completion of the within matter or the termination of the Firm's representation of the Client, the total cost of the legal services performed by the Firm shall be less than the amount of any retainer paid by the Client, the balance shall be refunded to the Client by the Firm.

5. It is understood and agreed that the final bill to be rendered by the Firm shall, in addition to reflecting the time expended, take into account the factors prescribed by the courts to be considered as guides when determining the reasonableness of fees for legal services; including the following:

  a) The amount involved and the results obtained.
  b) The experience, reputation and ability of the lawyer or lawyers performing the services.
  c) The time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly.
  d) The time requirements imposed by the client or by the circumstances.
  e) The fee customarily charged in the locality for similar legal services.
  f) The nature and length of the professional relationship with client.

6. Normal overall fees are 1/3 of the recovery or reduction of liability before suit and 40% after suit. Appeals and counterclaims are to be considered as additional work outside the terms of this agreement.

               Barbara A. Chrobak ✓
               Joseph T. Chrobak ✓
_____
Date              Client

_____
PEARLMAN, VOGEL & VIOLET

POWER OF ATTORNEY

KNOW ALL MEN BY THESE PRESENTS, that the undersigned hereby makes, constitutes, and appoints Thomas W. Pearlman and/or Arlene Violet as my (our) true and lawful attorney in fact, for me and in my name and stead, to endorse my (our) name(s) to any settlement checks or drafts on which I am (one of the) payee and to deduct his fees and costs as per our retainer agreement.

IN WITNESS WHEREOF, I have hereunto set my hand at Providence, this _____ day of _____, 19___.

_____    _____
Witness

_____    _____
Witness