**In the Matter of Thomas W. PEARLMAN.**

**No. 2010–36–M.P.**

Supreme Court of Rhode Island.

Feb. 4, 2010.

David Curtin, Disciplinary Counsel, for Plaintiff.

Dennis S. Baluch, Esq., Providence, for Defendant.

## ORDER

This disciplinary matter comes before us pursuant to Article III, Rule 6(d) of the Supreme Court Rules of Disciplinary Procedure. On January 5, 2010, this Court's disciplinary board (board) forwarded to the Court its decision and recommendation that the respondent, Thomas W. Pearlman, be ordered to perform no less than ten hours of community service or *pro bono* representation, and that he make restitution in the amount of $1,500 as a sanction for his professional misconduct. The respondent appeared before this Court at its conference on January 21, 2010, with counsel, to show cause why he should not be disciplined as recommended by the board. Having heard the representations of the respondent, his attorney, and this Court's disciplinary counsel, we deem that the respondent should be sanctioned as recommended by the board.

The facts giving rise to this disciplinary proceeding are as follows. In March of 2008, the respondent received $3,500 to prepare wills for Robert and David Sisto.[1]

The substantive portion of each will consisted of one page. At the disciplinary hearing held on July 22, 2009, disciplinary counsel presented the testimony of an expert witness that established by clear and convincing evidence that the wills were poorly drafted to an extreme extent. The board concluded that the respondent's preparation of these wills violated Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct.[2] We agree with the board's conclusion.

Additionally, the respondent was retained by the heirs of Richard Sisto to probate Richard's estate. Richard passed away on March 11, 2008. The respondent filed a petition for the administration of Richard's estate, and Robert was appointed as administrator of the estate on March 20, 2008. On March 26, 2008 the respondent prepared a fee agreement that called for the heirs of Richard to pay him a fee of 5 percent of the "gross estate," with a retainer of $9,500 plus an additional $2,500 for "costs." The respondent received the requested $12,000. One month later, in April of 2008, Robert requested a refund of some of the money paid. The respondent did not honor that request, and on May 15, 2008 Robert filed a complaint with the disciplinary board. On June 17, 2008 the heirs of Richard obtained other counsel to probate the estate.

On June 30, 2009, fourteen months after Robert made his request for a partial refund of the fees and costs paid to the respondent, and approximately three weeks before the disciplinary hearing was scheduled to take place before the board,

1. We hereinafter refer to the members of the Sisto family by their first name for ease setting forth the facts. We intend no disrespect to the members of the Sisto family by doing so.

2. Article V, Rule 1.1 of the Supreme Court Rules of Professional Conduct, entitled "Competence" provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

the respondent refunded $11,000 to Robert and David. The Sisto's then sought to withdraw the disciplinary complaint filed by Robert. However, Article III, Rule 8 of the Supreme Court Rules of Disciplinary Procedure, entitled "Refusal of complainant to proceed" provides: "Neither unwillingness or neglect of the complainant to sign a complaint or to prosecute a charge, nor settlement, compromise or restitution, shall in itself, justify abatement of an investigation into the conduct of an attorney."

The disciplinary hearing proceeded without the participation of the Sistos. After the hearing the board concluded that the fees and costs received by the respondent for the brief time he represented the estate of Richard, and for the preparation of the two wills for Robert and David, were unreasonable and in violation of Article V, Rule 1.5(a) of the Supreme Court Rules of Professional Conduct.[3] We believe the board's finding is fully supported by the evidence, and accept their determination that the respondent charged and received an unreasonable fee.

Having concluded that the respondent has violated Rules 1.1 and 1.5(a) of the Rules of Professional Conduct, we turn now to the appropriate sanction to impose. The board has recommended that we order the respondent to make further restitution and to perform community or *pro bono* legal services. Article III, Rule 3(d) of the Supreme Court Rules of Disciplinary Procedure, entitled "Types of discipline" provides, in relevant part: "Misconduct shall be grounds for: * * * an order for restitution, community service, *pro bono* legal service, or substance-abuse treatment or other counseling." (emphasis added.)

We note that the respondent has been before this Court on two prior occasions for professional misconduct: *Matter of Pearlman,* 627 A.2d 314 (R.I.1993) (public censure with restitution for charging an unreasonable fee and intentionally misleading the client about the scope of work to be performed), and *Lisi v. Pearlman,* 641 A.2d 81 (R.I.1994) (suspension of six months, with requirement to apply for reinstatement for charging an unreasonable fee and conflicts of interest). However, the respondent has not been the subject of formal disciplinary proceedings in the last sixteen years.

The purposes of professional discipline are to protect the public and maintain the integrity of the profession. *Matter of Scott,* 694 A.2d 732, 736 (R.I.1997). We believe those dual purposes can best be served in this proceeding by imposing the sanction recommended by the board.

Accordingly, it is hereby ordered, adjudged, and decreed that the respondent, Thomas W. Pearlman, shall make restitution in the amount of $1,500 to the Sisto's, and shall perform no less than ten hours of community service. The respondent shall submit proof of his compliance with this order to disciplinary counsel within the next thirty days, if he has not already done so.

---

**3.** Article V, Rule 1.5(a) of the Supreme Court Rules of Professional Conduct, entitled "Fees" provides in pertinent part: "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."